IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BRENDA RICHMOND, Administratrix of the
Estate of Christopher M. Thompkins, and
BRENDA RICHMOND, in her own right

Plaintiff,

vs.

CITY OF PITTSBURGH, a Municipal
corporation; SCOTT SCHUBERT,
individually and in his official capacity as
Chief of The Pittsburgh Police Department
BRENDAN FLICKER, individually and in
his official capacity as a Police Officer of
the City of Pittsburgh, and
HARRISON MADDOX, individually and in
his official capacity as a Police Officer of
the City of Pittsburgh

Defendants.

CIVIL ACTION

NO.:  2:18-cv-00319-JFC

## AMENDED COMPLAINT

AND NOW, comes the Plaintiff, BRENDA RICHMOND, an adult individual, by and through her attorneys, J. Kerrington Lewis, Esquire and the law firm of Lewis, Lewis & Reilly, and files the within Complaint and in support thereof, avers as follows:

### *JURISDICTION*

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, 42 U.S.C. §1331, and 42 U.S.C. §1367.  Plaintiff raises claims under the Fourth and Fourteenth Amendments of the United States Constitution and pendant state claims.

1

## PARTIES

2. Plaintiff, Brenda Richmond, is a citizen of the United States, County of Allegheny, at all times material to this Complaint, and is the surviving spouse of Christopher M. Thompkins.

3. Defendant City of Pittsburgh (hereinafter "Pittsburgh"), is a municipal corporation within the Commonwealth of Pennsylvania, with administrative offices located at 414 Grant Street, 5th Floor, Room 512, Pittsburgh, Allegheny County, Pennsylvania 15219.

4. Defendant, Brendan Flicker, is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law or custom or usage at all times material to this Complaint.

5. Defendant, Harrison Maddox, is an adult individual residing in the Western District of Pennsylvania and was a police officer for the City of Pittsburgh Police Department acting under color of state law or custom or usage at all times material to this Complaint.

6. Defendant, Scott Schubert [hereinafter "Schubert") is an adult individual residing in the Western District of Pennsylvania and was the acting Chief of Police for the City of Pittsburgh Police Department acting under color of state law or custom or usage at all times material to this Complaint.

## STATEMENT OF FACTS

7. On or about January 22, 2017 at about 4:00, Christopher M. Thompkins [hereinafter "Thompkins"] and his wife, Brenda Richmond [hereinafter "Richmond"] were in bed asleep on the second floor of the home they shared at 129 Finley Street Pittsburgh PA 15206 [hereinafter "129 Finley Street"] when they were awoken by an intruder, Juan Brian Jeter-Clark, standing by the side of their bed where Thompkins had been sleeping.

8. Subsequently, both Thompkins and Richmond retreated to the other side of the bed and to a closet where a gun was kept.

9. At or about that time, Richmond retrieved the gun and gave it to Thompkins, who told her to call the police and exited the bedroom in pursuit of the intruder.

10. At that time the intruder had fled the bedroom.

11. Soon thereafter, Richmond called the emergency number for the police and heard one or two gunshots fired from outside of the bedroom.

12. Immediately after that Richmond exited the bedroom and found Thompkins at about the top of the stairway with the gun drawn.

13. For about five minutes after that Richmond and Thompkins spoke about what they should do and during that time Richmond also spoke to the employees and agents of the Allegheny County Emergency Services who had answered her call for help from the police.

14. Subsequently, at least five minutes after the one or two gunshots which Richmond heard fired from outside of the bedroom, and after no further gunshots had been fired from within the house at 129 Finley Street, Brendan Flicker and Harrison Maddox, officers of the Pittsburgh Police Department, fired multiple rounds of bullets towards the place where Richmond and Thompkins were standing.

15. At the time when multiple rounds of bullets were fired towards the place where Richmond and Thompkins were standing, Brendan Flicker and Harrison Maddox were outside of the front door of 129 Finley Street.

16. At that time, Richmond was able to flee from the area where officers of the Pittsburgh Police Department directed multiple rounds, but Thompkins was not, and he suffered multiple gunshot wounds then which resulted in his death.

17. Richmond then fled from the area about the top of the stairs to a sitting room with the intent of getting out of the house through a window in that sitting room and was eventually escorted back into the house and out of it past the dead and bloody body of Thompkins at the top of the stairs by officers of the Pittsburgh Police Department.

18. At no time did any of the officers of the Pittsburgh Police Department give any warning of their presence outside of the front door of 129 Finley Street.

19. At no time did any of the officers of the Pittsburgh Police Department give any warning of their intent to use deadly force and to fire any bullets into any part of the home at 129 Finley Street.

20. At all times material hereto, surveillance systems were operating at of about the property at 129 Finley Street under a contract between Thompkins and Guardian Protection Services, Inc. and the Pittsburgh Police Officers who were on the scene at 129 Finley Street were initially summoned to that location by agents and employees of Guardian Protection Services, Inc.

21. At the times of the facts alleged herein, Thompkins' mother, Carrie Montague, also resided in the home at 129 Finley Street.

22. Christopher M. Thompkins was survived by Richond, his mother, a adult daughter, and two adult sons, Markela Lee Thompkins, Lamar M. Thompkins, and Marquis Thompkins.

*FIRST CAUSE OF ACTION*

*FAILURE TO ADEQUATELY TRAIN POLICE OFFICERS IN THE USE OF DEALY FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC §1983*

**Brenda Richmond, as Administrator of the Estate of Christopher M. Thompkins**

v.

**City of Pittsburgh and Scott Schubert**

23. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

24. At all times material hereto, the power, authority, and responsibility for the promulgation of adequate policies and procedures of the Pittsburgh Police Department was vested in the Chief of Police, Defendant, Scott Schubert, as well as the enforcement and discipline for violations of said policies.

25. Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, failed to promulgate adequate policies and procedures to safeguard innocent persons against the excessive use of force guaranteed to them by the Fourth and Fourteenth Amendments to The Constitution of The United States of America as to the discharge of firearms in circumstances involving home invasions that could be encountered by officers of the City of Pittsburgh Police Department.

26. Alternatively, Defendant, City of Pittsburgh, through its agent, servant, and employee, Scott Schubert, failed to adequately train or supervise or discipline its police officers in reasonable and adequate policies and procedures to safeguard innocent persons against the excessive use of force guaranteed to them by the Fourth and Fourteenth Amendments to The Constitution of The United States of America as to the discharge of officer's firearms in circumstances involving home invasions that could be or that had been encountered by officers of the City of Pittsburgh Police Department prior to the events and occurrences described herein.

27. The said conduct of Defendants, Scott Schubert and The City of Pittsburgh, prior to the events and occurrences described herein manifested itself as a deliberate indifference to the rights of the general public and such innocent persons, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and 42 USC §1983.

28. As a result of the conduct of Defendants, Scott Schubert and The City of Pittsburgh, Thompkins suffered the loss of his life, great pain and suffering before his death and a loss of his lifetime earnings less personal maintenance expenses from the time of his death through his estimated working life span, and costs have been incurred for his funeral and for the reasonable costs of estate administration incurred after his death, all of which occurred by reason of the aforementioned conduct of Defendants, Scott Schubert and City of Pittsburgh.

29. The Defendants, Scott Schubert and City of Pittsburgh, were on notice of a lack of and the need for adequate training, supervision, and discipline of City of Pittsburgh police officers in reasonable and adequate policies and procedures to safeguard innocent persons against the excessive use of force guaranteed to them by the Fourth and Fourteenth Amendments to The Constitution of The United States of America as to the discharge of officer's firearms in circumstances involving home invasions, and their conduct was willful and wanton and exhibited a reckless indifference to the rights of individuals like Thompkins.

WHEREFORE, Plaintiff requests judgment against the Defendants, Scott Schubert and City of Pittsburgh for compensatory damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

## *SECOND CAUSE OF ACTION*

*USE OF EXCESSIVE FORCE UNDER THE FOURTH AMENDMENT AND 42 USC §1983*

**BRENDA RICHMOND, as Administrator of the Estate of Christopher M. Thompkins**
v.
**BRENDAN FLICKER, and HARRISON MADDOX**

30. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

31. At no time during the events and occurrences described herein were any shots fired by Thompkins at officers of The Pittsburgh Police Department.

32. At least five (5) minutes had passed from the time when shots were fired from within the house at 129 Finley Street before officers of the Pittsburgh Police Department who were outside of the front door of 129 Finley Street, Brendan Flicker and Harrison Maddox, fired their guns towards the place where Richmond and Thompkins were standing and killed Thompkins.

33. At no time during the events and occurrences described herein did any of the officers of the Pittsburgh Police Department, including, but not limited to Brendan Flicker and Harrison Maddox, give any warning of their presence outside of the front door of 129 Finley Street.

34. At no time did any of the officers of the Pittsburgh Police Department, including, but not limited to Brendan Flicker and Harrison Maddox, give any warning of their intent to use deadly force or to fire any bullets into any part of the home at 129 Finley Street or towards the place where Richmond and Thompkins were standing.

35. The intentional firing of bullets into the home at 129 Finley Street without even a warning was conduct which amounted to an abridgement of Thompkins' right to liberty and constituted excessive force through such means intentionally applied; to wit, the use of deadly force directed indiscriminately or at Thompkins by these Defendants, Brendan Flicker and Harrison Maddox, without justification in law or fact.

36. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, without even a warning of their presence or their intent to do so was wrong and the law was so clearly established at that time that any reasonable officer would have known what he was doing was wrong.

37. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, J Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins, was not objectively reasonable.

38. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, without even a warning, indiscriminately or directly at Thompkins, evidenced an intent to cause serious bodily injury or death to Thompkins and amounted to an unlawful seizure of the him in violation of his Fourth Amendment Rights.

39. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins had no justification in law or fact.

9

40. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins was willful and wanton and exhibited a reckless indifference to the rights of individuals like Thompkins.

41. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins constituted excessive and illegal use of deadly force which shocks the conscience.

42. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins on the morning of January 22, 2017 was conduct so brutal and offensive that it did not comport with the concept of ordered liberty.

43. Defendants, Brendan Flicker and Harrison Maddox, committed the aforesaid acts under color of law or according to custom or usage and under each Defendant's authority as a police officer for The City of Pittsburgh and constituted intentional, unlawful, and illegal, excessive and deadly force which caused the death of Thompkins and his right to be free from excessive force guaranteed by the Fourth and Fourteenth Amendments to The Constitution of The United States of America, all of which was in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 USC §1983.

44. As a result of the acts of Defendants, Brendan Flicker and Harrison Maddox, Thompkins endured great pain and suffering before his death and a loss of his lifetime earnings less personal maintenance expenses from the time of his death through his estimated working life span, and costs have been incurred for his funeral and for the reasonable costs of estate administration incurred after his death

45. The acts of Defendants, Brendan Flicker and Harrison Maddox, were intentional, wanton, malicious and oppressive entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests judgment against Defendants, Brendan Flicker and Harrison Maddox, jointly and severally, for compensatory damages, punitive damages, the costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

### *THIRD CAUSE OF ACTION*

### *PENDANT STATE CLAIM FOR WRONGFUL DEATH*

**Brenda Richmond, as Administrator of the Estate of Christopher M. Thompkins**

v.

**City of Pittsburgh and Scott Schubert**

46. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

11

47. The failure of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, to promulgate adequate policies and procedures to safeguard innocent persons against the indiscriminate and unlawful discharge of firearms by officers of the City of Pittsburgh Police Department in circumstances involving home invasions was negligent and a legal cause of the death of Thompkins.

48. Alternatively, the failure of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, to train its officers, particularly Brendan Flicker and Harrison Maddox, in reasonable and adequate policies and procedures to safeguard innocent persons against the indiscriminate and unlawful discharge of firearms by officers of the City of Pittsburgh Police Department in circumstances involving home invasions was negligent and a legal cause of the death of Thompkins.

49. The conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, resulted in the death of Christopher M. Thompkins.

50. As a direct and proximate result of the conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, costs have been incurred for his funeral and for the reasonable costs of estate administration incurred after his death.

51. As a direct and proximate result of the conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, Richmond and the other members of the family of Christopher M. Thompkins have been deprived of his support and earnings and the contributions to the society and comfort he would otherwise have provided to his family.

WHEREFORE, Plaintiff requests judgment against the Defendants, Scott Schubert and City of Pittsburgh for compensatory damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

## *FOURTH CAUSE OF ACTION*
## *PENDANT STATE CLAIM FOR SURVIVAL*

**Brenda Richmond, as Administrator of the Estate of Christopher M. Thompkins**

**v.**

**City of Pittsburgh and Scott Schubert**

52. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

53. The failure of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, to promulgate adequate policies and procedures to safeguard innocent persons against the indiscriminate and unlawful discharge of firearms by officers of the City of Pittsburgh Police Department in circumstances involving home invasions was negligent and was a legal cause of the death of Thompkins.

54. Alternatively, the failure of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, to train its officers, particularly Brendan Flicker and Harrison Maddox, in reasonable and adequate policies and procedures to safeguard innocent persons against the indiscriminate and unlawful discharge of firearms by officers of the City of Pittsburgh Police Department in circumstances involving home invasions was negligent and was a legal cause of the death of Thompkins.

55. The conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, resulted in the death of Christopher M. Thompkins.

56. As a direct and proximate result of the conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, Thompkins experienced great pain and suffering before his death.

57. As a direct and proximate result of the conduct of Defendant, City of Pittsburgh, through it's agent, servant, and employee, Scott Schubert, Thompkins suffered a loss of his lifetime earnings less personal maintenance expenses from the time of his death through his estimated working life span.

WHEREFORE, Plaintiff requests judgment against the Defendants, Scott Schubert and City of Pittsburgh for compensatory damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

### FIFTH CAUSE OF ACTION
### PENDANT STATE CLAIM FOR WRONGFUL DEATH

**Brenda Richmond, as Administrator of the Estate of Christopher M. Thompkins**
**v.**
**Brendan Flicker and Harrison Maddox**

58. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

59. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins, was not objectively reasonable, had no justification in law or fact, and was a legal cause of the death of Thompkins.

60. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins was willful and wanton and exhibited a reckless indifference to the rights of individuals like Thompkins.

61. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins constituted excessive and illegal use of deadly force which shocks the conscience.

62. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins on the morning of January 22, 2017 was conduct so brutal and offensive that it did not comport with the concept of ordered liberty.

63. As a direct and proximate result of the conduct of these Defendants, Brendan Flicker and Harrison Maddox, costs have been incurred for his funeral and for the reasonable costs of estate administration incurred after his death.

64. As a direct and proximate result of the conduct of these Defendants, Brendan Flicker and Harrison Maddox, Richmond and the other members of the family of Christopher M. Thompkins have been deprived of his support and earnings and the contributions to the society and comfort he would otherwise have provided to his family.

WHEREFORE, Plaintiff requests judgment against Defendants, Brendan Flicker and Harrison Maddox, jointly and severally, for compensatory damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

## *SIXTH CAUSE OF ACTION*

## *PENDANT STATE CLAIM FOR SURVIVAL*

**Brenda Richmond, as Administrator of the Estate of Christopher M. Thompkins**

v.

**Brendan Flicker and Harrison Maddox**

65. Plaintiff incorporates Paragraphs one through twenty-two (1 - 22) of this Complaint by reference hereto.

66. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins, was not objectively reasonable, had no justification in law or fact, and was a legal cause of the death of Thompkins.

67. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins was willful and wanton and exhibited a reckless indifference to the rights of individuals like Thompkins.

68. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins constituted excessive and illegal use of deadly force which shocks the conscience.

69. The intentional firing of bullets into the home at 129 Finley Street by these Defendants, Brendan Flicker and Harrison Maddox, indiscriminately or directly towards Thompkins on the morning of January 22, 2017 was conduct so brutal and offensive that it did not comport with the concept of ordered liberty.

70. The conduct of these Defendants, Brendan Flicker and Harrison Maddox, resulted in the death of Christopher M. Thompkins.

71. As a direct and proximate result of the conduct of these Defendants, Brendan Flicker and Harrison Maddox, Thompkins experienced great pain and suffering before his death.

72. As a direct and proximate result of the conduct of these Defendants, Brendan Flicker and Harrison Maddox, Thompkins suffered a loss of his lifetime earnings less personal maintenance expenses from the time of his death through his estimated working life span.

WHEREFORE, Plaintiff requests judgment against the Defendants, Brendan Flicker and Harrison Maddox, for compensatory damages and punitive damages plus the costs of this action, attorney fees and such other relief as the Court deems appropriate.

**Plaintiff hereby demands a jury trial.**

Respectfully submitted,

**LEWIS, LEWIS & REILLY**

By: /s/J. Kerrington Lewis, Esquire
    J. Kerrington Lewis, Esquire
    PA. I.D. #15575
    1040 Fifth Avenue
    Pittsburgh, PA 15219
    (412) 391-0818

*Counsel for Plaintiff*